Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
ab------------------------------------------------------------X
VICTOR HUGO ORTEGA HERNANDEZ,
*individually and on behalf of others similarly situated,*

                *Plaintiff,*

              -against-

MUZZARELLA INC. (d/b/a MUZZARELLA
PIZZA), JOHN RUSSO, and ANTHONY
MUZZARELLA,

                *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Victor Hugo Ortega Hernandez, individually and on behalf of others similarly situated ("Plaintiff Ortega"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Muzzarella Inc. (d/b/a/ Muzzarella Pizza) ("Defendant Corporation"), John Russo, and Anthony Muzzarella (collectively, "Defendants"), upon information and belief alleges as follows:

### NATURE OF ACTION

    1.    Plaintiff Ortega is a former employee of Defendants Muzzarella Inc. (d/b/a/ Muzzarella Pizza), John Russo and Anthony Muzzarella who own and operate Muzzarella Pizza.

    2.    Muzzarella Pizza is a pizzeria/restaurant owned by John Russo and Anthony Muzzarella, located at 221 Avenue A, New York, New York, 10009.

3. Upon information and belief, Defendants John Russo and Anthony Muzzarella serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the pizzeria/restaurant as a joint or unified enterprise.

4. Plaintiff Ortega was an employee of Defendants.

5. Plaintiff Ortega worked long days as a food preparer, counter attendant, pizza maker and delivery worker at the pizzeria/restaurant located at 221 Avenue A, New York, New York 10009.

6. Plaintiff Ortega regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours over 40 per week that he worked each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Ortega appropriately for any hours worked over 40 each week.

8. Further, Defendants failed to pay Plaintiff Ortega the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Ortega to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Ortega and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Ortega now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12. Plaintiff Ortega seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Ortega's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Ortega was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Victor Hugo Ortega Hernandez ("Plaintiff Ortega" or "Mr. Ortega") is an adult individual residing in Kings County, New York. Plaintiff Ortega was employed by Defendants from approximately 2003 until on or about August 6, 2017.

16. At all relevant times to this complaint, Plaintiff Ortega was employed by Defendants as a food preparer, counter attendant, pizza maker and delivery worker at Muzzarella Pizza, located at 221 Avenue A, New York, New York, NY 10009.

17. Plaintiff Ortega consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants own, operate, and/or control a Pizzeria/restaurant located at 221 Avenue A, New York, New York 10009 under the name of Muzzarella Pizza, at all times relevant to this complaint.

19. Upon information and belief, Defendant Muzzarella Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 221 Avenue A, New York, New York, 10009.

20. Defendant John Russo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21. Defendant John Russo is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22. Defendant John Russo possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23. Defendant John Russo determined the wages and compensation of employees, including Plaintiff Ortega, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

24. Defendant Anthony Muzzarella is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25. Defendant Anthony Muzzarella is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26. Defendant Anthony Muzzarella possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27. Defendant Anthony Muzzarella determined the wages and compensation of employees, including Plaintiff Ortega, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

28. Defendants operate a pizzeria/restaurant located at 221 Avenue A, New York, New York, 10009.

29. Individual Defendants John Russo and Anthony Muzzarella possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31. Each Defendant possessed substantial control over Plaintiff Ortega's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ortega, and all similarly situated individuals, referred to herein.

32. Defendants jointly employed Plaintiff Ortega, and all similarly situated individuals, and are Plaintiff Ortega's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Ortega and/or similarly situated individuals.

34. Upon information and belief, Individual Defendants John Russo and Anthony Muzzarella operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from their own selves, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff Ortega's employers within the meaning of the FLSA and NYLL.

36. Defendants had the power to hire and fire Plaintiff Ortega, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Ortega's services.

37. In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the pizzeria/restaurant on a daily basis were produced outside of the State of New York.

### *Individual Plaintiff*

39. Plaintiff Ortega is a former employee of Defendants, who was employed as a food preparer, counter attendant, pizza maker and delivery worker.

40. Plaintiff Ortega seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Plaintiff Victor Hugo Ortega Hernandez*

41. Plaintiff Ortega was employed by Defendants from approximately 2003 until on or about August 6, 2017.

42.     At all relevant times, Plaintiff Ortega was employed by Defendants to work as a food preparer, counter attendant, pizza maker and delivery worker.

43.     Plaintiff Ortega regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a food preparer, counter attendant, pizza maker and delivery worker.

44.     Plaintiff Ortega's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Ortega regularly worked in excess of 40 hours per week.

46.     From approximately August 2011 until on or about June 2015, Plaintiff Ortega worked from approximately 10:00 a.m. until on or about 8:15 p.m. six days a week (typically 61.5 hours per week).

47.     From approximately June 2015 until on or about May 2017, Plaintiff Ortega worked from approximately 10:00 a.m. until on or about 6:15 p.m. five days a week and from approximately 10:00 a.m. until on or about 8:15 p.m. one day a week (typically 51.5 hours per week).

48.     From approximately May 2017 until on or about August 2017, Plaintiff Ortega worked from approximately 6:00 p.m. until on or about 12:00 a.m. two days a week, from approximately 6:00 p.m. until on or about 5:00 a.m. two days a week and from approximately 11:00 a.m. until on or about 6:00 p.m. one day a week (typically 41 hours per week).

49.     Throughout his employment with defendants, Plaintiff Ortega was paid his wages in cash.

50. From approximately August 2011 until on or about December 2015, defendants paid Plaintiff Ortega a fixed salary of $500.00 per week.

51. From approximately December 2015 until on or about May 2017, defendants paid Plaintiff Ortega a fixed salary of $700.00 per week.

52. From approximately May 2017 until on or about August 2017, defendants paid Plaintiff Ortega a fixed salary of $650.00 per week.

53. Plaintiff Ortega's wages did not vary regardless of how many additional hours he worked in a week.

54. For example, from approximately August 2011 until on or about May 2017, Plaintiff Ortega worked 15 minutes past his scheduled departure time every day, and defendants did not compensate him for the additional time he worked.

55. Defendants never granted Plaintiff Ortega with meal breaks or rest periods of any length.

56. Plaintiff Ortega was never notified by Defendants that his tips would be included as an offset for wages.

57. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ortega's wages.

58. Plaintiff Ortega was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

59. Defendants did not provide Plaintiff Ortega with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

60. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Ortega regarding wages as required under the FLSA and NYLL.

61. Defendants did not provide Plaintiff Ortega a statement of wages, as required by NYLL 195(3).

62. Defendants did not give any notice to Plaintiff Ortega, in English and in Spanish (Plaintiff Ortega's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63. Defendants required Plaintiff Ortega to purchase "tools of the trade" with his own funds—including three bicycles and approximately $100 per year in bike maintenance and repairs.

*Defendants' General Employment Practices*

64. Defendants regularly required Plaintiff Ortega to work in excess of forty (40) hours per week without paying him overtime compensation and spread of hours pay.

65. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Ortega and all similarly situated employees to work in excess of forty (40) hours per week without paying them the appropriate overtime compensation, as required by federal and state laws.

66. Defendants paid Plaintiff Ortega affixed weekly salary regardless of the number of hours he worked each week.

67. Plaintiff Ortega was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

68. Defendants habitually required Plaintiff Ortega to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

69. At no time did Defendants inform their employees, including Plaintiff Ortega, that they had reduced their hourly wages by a tip allowance.

70. Defendants failed to maintain a record of tips earned by Plaintiff Ortega for the deliveries he made to customers.

71. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Ortega by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

72. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

73. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Ortega with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Ortega's relative lack of sophistication in wage and hour laws.

74. Defendants paid Plaintiff Ortega all of his wages in cash.

75. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ortega (and similarly situated individuals) worked,

and to avoid paying Plaintiff Ortega properly for 1) his full hours worked, 2) minimum wage, 3) for overtime due, and 4) spread of hours pay.

77. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ortega and other similarly situated current and former employees.

79. Defendants failed to provide Plaintiff Ortega and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

80. Defendants failed to provide Plaintiff Ortega and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names

used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81. Plaintiff Ortega brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Muzzarella Pizza (the "FLSA Class").

82. At all relevant times, Plaintiff Ortega and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

83. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84. Plaintiff Ortega repeats and re-alleges all paragraphs above as though fully set forth herein.

85. Defendants, in violation of the FLSA, failed to pay Plaintiff Ortega (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate

of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

86. Defendants' failure to pay Plaintiff Ortega (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff Ortega (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS

88. Plaintiff Ortega repeats and re-alleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Ortega (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

90. Defendants failed to pay Plaintiff Ortega (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

91. Defendants' failure to pay Plaintiff Ortega (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Plaintiff Ortega (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

**OF THE NEW YORK COMMISSIONER OF LABOR**

93. Plaintiff Ortega repeats and re-alleges all paragraphs above as though fully set forth herein.

94. Defendants failed to pay Plaintiff Ortega (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ortega's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

95. Defendants' failure to pay Plaintiff Ortega (and the FLSA Class members) an additional hour's pay for each day Plaintiff Ortega's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

96. Plaintiff Ortega (and the FLSA Class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

97. Plaintiff Ortega repeats and re-alleges all paragraphs above as though fully set forth herein.

98. Defendants failed to provide Plaintiff Ortega with a written notice, in English and in Spanish (Plaintiff Ortega's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

99. Defendants are liable to Plaintiff Ortega in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

100. Plaintiff Ortega repeats and re-alleges all paragraphs above as though set forth fully herein.

101. Defendants did not provide Plaintiff Ortega with wage statements upon each payment of wages, as required by NYLL 195(3).

102. Defendants are liable to Plaintiff Ortega in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

103. Plaintiff Ortega repeats and realleges all paragraphs above as though set forth fully herein.

104. Defendants required Plaintiff Ortega to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as BICYCLES, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

105. Plaintiff Ortega was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ortega respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ortega and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ortega's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Ortega and the FLSA class members;

(e) Awarding Plaintiff Ortega and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Ortega and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ortega and the members of the FLSA Class;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Ortega and the members of the FLSA Class;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Ortega's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Ortega and the FLSA Class members;

(k) Awarding Plaintiff Ortega and the FLSA class members damages for the amount of unpaid overtime wages as well as spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff Ortega and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Ortega and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Ortega and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ortega demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 14, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

__/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]

                                                60 East 42nd Street, Suite 4510
                                                New York, New York 10165
                                                (212) 317-1200
                                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 27, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   <u>Victor Hugo Ortega Hernandez</u>

Legal Representative / Abogado:   <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:   _____

Date / Fecha:   <u>27 de julio de 2017</u>

*Certified as a minority-owned business in the State of New York*