UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VICTOR HUGO ORTEGA HERNANDEZ )
*individually and on behalf of others similarly situated* )
                                                  ) Docket No. 17-cv-06164
                      Plaintiff, )
                                                  ) ANSWER
                 -against- )
                                                  ) COLLECTIVE ACTION
MUZZARELLA INC. (d/b/a MUZZARELLA PIZZA), ) UNDER 29 U.S.C. §216(b)
JOHN RUSSO and ANTHONY MUZZARELLA, )
                                                  ) ECF CASE
                    Defendants. )
------------------------------------------------------------------------X

  Defendants MUZZARELLA, INC. (d/b/a MUZZARELLA PIZZA) ("Muzzarella Pizza") and JOHN RUSSO ("Russo")(Muzzarella Pizza and Russo are referred to collectively as "defendants"), by Gordon Gordon & Schnapp, P.C., their attorneys in the above captioned action, as and for their Answer to the Complaint set forth the following:

  1. Admit that plaintiff Ortega is a former employee of Muzzarella Pizza, and otherwise deny the allegations of paragraph 1 of the Complaint.

  2. Deny the allegations of paragraph 2 of the Complaint.

  3. Admit that Russo is a shareholder of Muzzarella Pizza and has managed and continues to manage its business, and otherwise deny the allegations of paragraph 3 of the Complaint.

  4. Admit that plaintiff Ortega was an employee of Muzzarella Pizza, and otherwise deny the allegations of paragraph 4 of the Complaint.

  5. Admit that at various times during his employment by Muzzarella Pizza, plaintiff worked as a food preparer, counter attendant, pizza maker, and delivery worker at the pizza store located at 221 Avenue A, New York, New York, and otherwise deny the allegations of paragraph 5 of the Complaint.

6. Admit that during certain weeks during the course of his employment at Muzzarella Pizza, plaintiff worked in excess of 40 hours; allege that plaintiff was appropriately compensated for all hours worked; and otherwise deny the allegations of paragraph 6 of the Complaint.

7. Deny the allegations of paragraph 7 of the Complaint.

8. Deny the allegations of paragraph 8 of the Complaint.

9. Deny the allegations of paragraph 9 of the Complaint.

10. Deny the allegations of paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint except admit that the complaint purports to assert claims under the statutes and regulations referred to in said paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint except admit that said paragraph 12 purports to seek certification of this action as a collective action.

13. Paragraph 13 of the Complaint asserts a legal conclusion t which no response is required.

14. In answer to paragraph 14 of the Complaint, admit that venue is proper in this District.

15. Admit that plaintiff Ortega was employed by Muzarella Pizza from no later than approximately 2011 until on or about August 6, 2017, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Admit that at various times during his employment by Muzarella Pizza, plaintiff worked as a food preparer, counter attendant, pizza maker, and delivery worker at the pizza store

located at 221 Avenue A, New York, New York, and otherwise deny the allegations of paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint asserts a legal conclusion to which no response is required.

18. Admit that Muzzarella Pizza owns and operates a pizza store located at 221 Avenue A, New York, New York, that said pizza store is known as "Muzarella Pizza," otherwise deny the allegations of paragraph 18 of the Complaint.

19. Admit the allegations of paragraph 19 of the Complaint.

20. Admit the allegations of paragraph 20 of the Complaint.

21. Admit that Russo is a shareholder in and officer of Muzzarella Pizza, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, except admit that said paragraph 21 purports to assert a claim against Russo in his individual capacity.

22. Admit that Russo is a shareholder of Muzzarella Pizza and has managed and continues to manage its business, and otherwise deny the allegations of paragraph 22 of the Complaint.

23. Admit that Russo, in his capacity as an officer of Muzzarella Pizza, determined the wages and compensation of its employees, established the work schedules of employees, participated in maintaining employee records, and had the authority to hire and fire employees.

24. Deny the allegations of paragraph 24 of the Complaint.

25. Deny the allegations of paragraph 24 of the Complaint except admit that the complaint purports to assert a claim against one "Anthony Muzzarella" in his individual capacity.

26. Deny the allegations of paragraph 26 of the Complaint.

27. Deny the allegations of paragraph 27 of the Complaint.

28. Deny the allegations of paragraph 28 of the Complaint.

29. Deny the allegations of paragraph 29 of the Complaint.

30. Deny the allegations of paragraph 30 of the Complaint.

31. Deny the allegations of paragraph 31 of the Complaint.

32. Deny the allegations of paragraph 32 of the Complaint.

33. Deny the allegations of paragraph 33 of the Complaint.

34. Deny the allegations of paragraph 34 of the Complaint.

35. Admit that Muzzarella Pizza was the employer of plaintiff Ortega from no later than approximately 2011 until on or about August 6, 2017, and otherwise deny the allegations of paragraph 35 of the Complaint.

36. Deny the allegations of paragraph 36 of the Complaint.

37. Deny the allegations of paragraph 37 of the Complaint.

38. Admit upon information and belief that certain items and ingredients used in making pizzas at Muzzarella Pizza pizza store were manufactured or produced outside of the State of New York and otherwise deny the allegations of paragraph 38 of the Complaint.

39. Admit plaintiff Ortega was an employee of Muzzarella Pizza from no later than approximately 2011 until on or about August 6, 2017, admit that at various times during his employment by Muzzarella Pizza, plaintiff worked as a food preparer, counter attendant, pizza maker, and delivery worker, and otherwise deny the allegations of paragraph 39 of the Complaint.

40. Admit that paragraph 40 of the Complaint asserts that plaintiff seeks to represent a class of similarly situated individuals and otherwise deny the allegations of paragraph 40 of the

Complaint.

41. Admit plaintiff Ortega was an employee of Muzzarella Pizza from no later than approximately 2011 until on or about August 6, 2017, and otherwise deny the allegations of paragraph 41 of the Complaint.

42. Admit that at various times during his employment by Muzzarella Pizza, plaintiff worked as a food preparer, counter attendant, pizza maker, and delivery worker, and otherwise deny the allegations of paragraph 42 of the Complaint.

43. Admit upon information and belief that certain items and ingredients used in making pizzas at Muzzarella Pizza pizza store were manufactured or produced outside of the State of New York and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44. Admit that plaintiff was not a supervisory employee of Muzzarella Pizza and otherwise deny the allegations of paragraph 44 of the Complaint.

45. Admit that during certain weeks during the course of his employment at Muzzarella Pizza, plaintiff worked in excess of 40 hours; allege that plaintiff was appropriately compensated for all hours worked; and otherwise deny the allegations of paragraph 45 of the Complaint.

46. Deny the allegations of paragraph 46 of the Complaint.

47. Deny the allegations of paragraph 47 of the Complaint.

48. Admit that from approximately May, 2017 through in or about August, 2017, plaintiff worked approximately 41 hours per week; allege that plaintiff was appropriately compensated for all hours worked; and otherwise deny the allegations of paragraph 48 of the Complaint.

49. Admit the allegations of paragraph 49 of the Complaint.

50. Deny the allegations of paragraph 50 of the Complaint.

51. Deny the allegations of paragraph 51 of the Complaint.

52. Deny the allegations of paragraph 52 of the Complaint.

53. Deny the allegations of paragraph 53 of the Complaint.

54. Deny the allegations of paragraph 54 of the Complaint.

55. Deny the allegations of paragraph 55 of the Complaint.

56. Deny the allegations of paragraph 56 of the Complaint.

57. Admit the Defendants did not generate daily or weekly accountings of the tips received by plaintiff, and otherwise deny the allegations of paragraph 57 of the Complaint.

58. Deny the allegations of paragraph 58 of the Complaint.

59. Deny the allegations of paragraph 59 of the Complaint.

60. Deny the allegations of paragraph 60 of the Complaint.

61. Deny the allegations of paragraph 61 of the Complaint.

62. Deny the allegations of paragraph 62 of the Complaint.

63. Deny the allegations of paragraph 63 of the Complaint.

64. Deny the allegations of paragraph 64 of the Complaint.

65. Deny the allegations of paragraph 65 of the Complaint.

66. Deny the allegations of paragraph 66 of the Complaint.

67. Deny the allegations of paragraph 67 of the Complaint.

68. Deny the allegations of paragraph 68 of the Complaint.

69. Deny the allegations of paragraph 69 of the Complaint.

70. Admit the allegations of paragraph 70 of the Complaint

71. Deny the allegations of paragraph 71 of the Complaint.

72. Deny the allegations of paragraph 72 of the Complaint.

73. Deny the allegations of paragraph 73 of the Complaint.

74. Admit the allegations of paragraph 74 of the Complaint.

75. Deny the allegations of paragraph 75 of the Complaint.

76. Deny the allegations of paragraph 76 of the Complaint.

77. Deny the allegations of paragraph 77 of the Complaint.

78. Deny the allegations of paragraph 78 of the Complaint.

79. Deny the allegations of paragraph 79 of the Complaint.

80. Admit that Defendants did not provide a Notice to plaintiff in the exact form specified in New York Labor Law §195(1).

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint.

82. Deny the allegations of paragraph 82 of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint.

84. For their Answer to paragraph 84 of the Complaint, defendants repeat and re-allege the allegations of paragraphs 1-83 above of this Answer as though set forth in full herein.

85. Deny the allegations of paragraph 85 of the Complaint.

86. Deny the allegations of paragraph 86 of the Complaint.

87. Deny the allegations of paragraph 87 of the Complaint.

88. For their Answer to paragraph 88 of the Complaint, defendants repeat and re-allege the allegations of paragraphs 1-87 above of this Answer as though set forth in full herein.

89. Deny the allegations of paragraph 89 of the Complaint.

90. Deny the allegations of paragraph 90 of the Complaint.

91. Deny the allegations of paragraph 91 of the Complaint.

92. Deny the allegations of paragraph 92 of the Complaint.

93. For their Answer to paragraph 93 of the Complaint, defendants repeat and re-allege the allegations of paragraphs 1-92 above of this Answer as though set forth in full herein.

94. Deny the allegations of paragraph 94 of the Complaint.

95. Deny the allegations of paragraph 95 of the Complaint.

96. Deny the allegations of paragraph 96 of the Complaint.

97. For their Answer to paragraph 97 of the Complaint, defendants repeat and re-allege the allegations of paragraphs 1-96 above of this Answer as though set forth in full herein.

98. Admit that Defendants did not provide a Notice to plaintiff in the exact form specified in New York Labor Law §195(1).

99. Deny the allegations of paragraph 99 of the Complaint.

100. For their Answer to paragraph 100 of the Complaint, defendants repeat and re-allege the allegations of paragraphs 1-99 above of this Answer as though set forth in full herein.

101. Deny the allegations of paragraph 101 of the Complaint.

102. Deny the allegations of paragraph 102 of the Complaint.

103. For their Answer to paragraph 103 of the Complaint, defendants repeat and re-allege the allegations of paragraphs 1-102 above of this Answer as though set forth in full herein.

104. Deny the allegations of paragraph 104 of the Complaint.

105. Deny the allegations of paragraph 105 of the Complaint.

WHEREFORE Defendants respectfully request that this Court enter judgment dismissing all of the claims asserted in the Complaint in this action, and granting such other relief as to the

Court shall appear just and proper, including the costs and disbursements of this action.

## JURY DEMAND

Defendants Muzzarella, Inc. and John Russo demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       March 12, 2018

                GORDON, GORDON & SCHNAPP, P.C.

                By: _____
                     Elliot Schnapp (ES 9170)
                Attorneys for Defendants Muzzarella Inc. (d/b/a
                   Muzzarella Pizza) and John Russo
                30 Broad Street, 21st floor
                New York, New York 10004
                (212) 355-3200