**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------
VICTOR HUGO ORTEGA HERNANDEZ,
*individually and on behalf of others similarly situated*,

                *Plaintiff*,

-against-

MUZZARELLA INC. (d/b/a MUZZARELLA PIZZA), JOHN RUSSO, and ANTHONY MUZZARELLA,
                *Defendants.*
-------------------------------------------------------X

**17-cv-6164-KPF**

**[PROPOSED] PRETRIAL ORDER**

Honorable Katherine Polk Failla, United States District Judge:

    The parties propose the following statements, directions and agreements as the Pre-trial Order:

**I.    FULL CAPTION**

    The caption is as above.

**II.   TRIAL COUNSEL**

    **a. Plaintiff:**

        Sara Isaacson, Esq.
        Colin Mulholland, Esq.
        Joshua Androphy, Esq.
        Shawn Clark, Esq.
        Michael Faillace & Associates, PC
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Fax: (212) 317-1620
        sisaacson@faillacelaw.com
        cmulholland@faillacelaw.com
        jandrophy@faillacelaw.com
        sclark@faillacelaw.com

    **b. Defendants:**

Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10119
Telephone: (212) 792-0046
Fax: (516) 343-0542
Email: Joshua@levinepstein.com

### III. SUBJECT MATTER JURISDICTION

*Plaintiff:*

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

### IV. CLAIMS AND DEFENSES

This is an action for money damages brought by Plaintiff Victor Hugo Ortega Hernandez ("Plaintiff"). Plaintiff brings this suit alleging minimum and overtime violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), violations of the N.Y. Lab. Law §§ 190, *et seq.* and 650, *et seq.* (the "NYLL"), and the Hospitality Wage Order of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146.  Plaintiff asserts the following claims, all of which remain to be tried.

1. **Violation of the Overtime Provisions of the FLSA**.   Plaintiff alleges that Defendants were his employers and willfully failed to pay him the applicable overtime wage rate for all hours above 40 worked in a week.  29 U.S.C. §§ 207, 216, 255(a).

2. **Violation of the New York Overtime Provisions**.  Plaintiff alleges that Defendants were his employers and willfully failed to pay him the applicable overtime wage rate for all hours above 40 worked in a week.  NYLL §§ 190, *et seq.*; 12 NYCRR § 146-1.4.

3. **Violation of the New York Spread of Hours Provisions.** Plaintiff alleges that Defendants were his employers and failed to pay him an additional hour's pay for each day that the interval between the beginning and end of his workdays was more than ten hours.  12 NYCRR § 146-1.6.

4. **Violation of the New York Notice and Recordkeeping Provisions.** Plaintiff alleges that Defendants failed to provide Plaintiff with a written notice at the time of hiring, or within the first month each year he worked for Defendants, in English and in Spanish (his primary language), of (1) the employee's rate of pay; (2) the overtime rate of pay; (3) the basis for the employee's pay (e.g., hourly, daily, weekly, salary, commission, and so forth); (4) all allowances claimed as part of the minimum wage (e.g., tips, meals, or lodging allowances); (5) the employee's regular pay day; (6) the name of the employer, including whether the employer is "doing business as" under any other name; (7) the employer's address; and (8) the employer's telephone number. NYLL § 195(1).

5. **Violation of the New York Wage Statement Provision.**  Plaintiff alleges that Defendants did not provide him with wage statements upon each payment of wages containing (1) the dates the payment of wages covers; (2) the name of both the employee and employer; (3) the employer's address and telephone number; (4) the rate and basis of

pay; (5) gross wages; (6) deductions; (7) allowances (if applicable); and (8) net wages. NYLL § 195(3).

   6. **Recovery of Equipment Costs.** Plaintiff alleges that Defendants have required Plaintiff to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

*Defendants' Defenses*

   The individual defendant Mr. Russo owns and operate a small pizzeria in Lower Manhattan. The business is open seven days a week, Monday through Thursday, from 11:00 a.m. to 3:00 a.m., and Friday through Saturday, from 11:00 a.m. to 5:00 a.m. The business is closed on national holidays. The business pays all its employees, including Plaintiff, a fair hourly rate, equal to or above the minimum wage.

   By any measure, this case involves a "small" business that falls well below the enterprise coverage threshold of the FLSA overtime claim.

   Plaintiff's claims in this action are predicated on the completely incredible contention that he routinely worked ten hour shifts, six days a week for four years.

   Plaintiff's allegations are simply not credible, and are refuted by substantial evidence. During the relevant period, Defendants contend that Plaintiff signed weekly pay receipts, acknowledging his: (i) regular hourly rate; (ii) overtime rate; (iii) regular hours worked; (iv) overtime hours worked; (v) net wages; and (vi) pay period.

   Moreover, Defendants contend that Plaintiff's allegations are contradicted by admissions he had previously made in an Department of Labor wage-and-hour

investigation, where he claimed that: (i) he was employed beginning in 2009, (ii) only worked a total of 51 hours per week; (iii) earned $100+ per week in tips; and (iii) was afforded daily meal credits.

Defendants assert the following defenses, all of which remain to be tried.

1. **Plaintiff Was Paid a Regular Rate of Pay and Overtime in Accordance with State and Federal Law**. Federal Courts in New York have recently articulated a method for the calculation of straight-time and over-time wages in cases where, as here, a 'salary' was paid to cover over-time wages. *See, e.g., Zurita v. High Definition Fitness Ctr., Inc.,* 2016 WL 3619527, at *6 (E.D.N.Y. 2016), report and recommendation adopted, 2016 WL 3636020 (E.D.N.Y. June 29, 2016). "There is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours." *Nelson v. Sabre Companies LLC*, 2018 WL 3543523, at *12 (N.D.N.Y. July 23, 2018) (citing *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999)). Here, signed and dated pay stubs as well as the parties' course of conduct captured the parties' intentions that the weekly 'salary' was intended to cover Plaintiff's straight-time hours and overtime hours.

2. **Plaintiff Cannot Satisfy the Enterprise Coverage Element of the FLSA.** The corporate Defendant never grossed more than ~$141,000 at all relevant times. Thus, the Plaintiff will not be able to satisfy the jurisdictional prerequisite that he is a non-exempt employee covered by the protections of the FLSA. *See e.g. Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 307 (E.D.N.Y. 2014).

3. **Plaintiff Cannot Establish that the Company is an "Enterprise" under the FLSA.** The corporate Defendant was never delivered nor operated its business interstate, and purchased its supplies from New York suppliers and manufactures. Thus, the Plaintiff will not be able to satisfy the jurisdictional prerequisite that Defendants engaged in commerce or in the production of goods for commerce. *See Lamont v. Frank Soup Bowl, Inc.*, 2001 WL 521815 (S.D.N.Y 2001).

4. **Plaintiff Cannot Establish that the FLSA's Individual Coverage Applies.** None of Plaintiff's assigned tasks or duties whether directly, indirectly or incidentally, bears upon interstate commerce. As such, Plaintiff garners no protection under the FLSA. *See McCleod v. Threlkeld*, 319 U.S. 491 (1943).

## V.   WHETHER TRIAL IS TO BE A BENCH OR JURY TRIAL

The case is to be tried by a jury. The parties anticipate that the trial will last approximately one to three days, including jury selection and charging the jury, and is to be by jury.

## VI.   MAGISTRATE JUDGE

The parties have not consented to trial by a Magistrate Judge.

## VII.   STIPULATIONS

The parties stipulate as to the following

**PROPOSED JOINT STIPULATIONS OF FACT**

1. Plaintiff filed this present action in the United States District Court in the Southern District of New York on August 15, 2017.

2. Defendants were all timely served with the complaint.

3. Plaintiff is a former employee of Defendants Muzzarella Inc. (d/b/a Muzzarella Pizza) and John Russo (collectively, "Defendants").

4. Plaintiff is a former employee at Muzzarella Pizza.

5. Muzzarella Inc. is a corporation organized under the laws of the state of New York and maintains its principal executive office at 221 Avenue A, New York, New York 10009.

6. Plaintiff's work duties required neither discretion nor independent judgment.

**PROPOSED JOINT STIPULATIONS OF LAW**

1. Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(2)(C); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

2. Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

3. Where an employee receives a straight weekly salary, there is a rebuttable presumption under the FLSA that the salary covers 40 hours worked; *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

4. An employee-plaintiff under the FLSA bears the burden of proving that she performed work for which she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## VIII. WITNESSES

Plaintiff's Prospective Witnesses

1. Victor Hugo Ortega Hernandez, in person. Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

2. John Russo, in person. Adverse witness. Will testify as to employment of Plaintiff, and how Defendants' business was operated.

Plaintiff reserves the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiff reserves the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Plaintiff will testify through a Spanish language interpreter.

Defendants' Prospective Witnesses

1. Victor Hugo Ortega Hernandez, in person. Adverse witness. Will testify as to his employment with Defendants, and how he and Defendants had an understanding that the weekly 'salary' was intended to cover his straight-time wages as well as all overtime wages.

2. John Russo, in person. Will testify as to employment of Plaintiff, and how Plaintiff and Defendants had an understanding that the weekly 'salary' was intended to cover his straight-time wages as well as all overtime wages.

3. DOL Investigator Dianna Concepcion, in person. Will testify that Plaintiff had admitted to her during a Department of Labor wage-and-hour investigation, that, *inter alia*: (i) he was employed beginning in 2009, (ii) only worked a total of 51 hours per week; (iii) earned $100+ per week in tips; and (iii) was afforded daily meal credits.

Defendants reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Defendants reserve the right to call additional witnesses to rebut Plaintiff's witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

## IX. DEPOSITION DESIGNATIONS

The parties do not intend to offer deposition testimony in place of live testimony at trial. The parties reserve the right to use deposition testimony for impeachment purposes.

## X. EXHIBITS

Plaintiff's Exhibits

Plaintiff reserves the right to offer additional exhibits for the purpose of impeachment.

| Exhibit | Description |
|---|---|
| P-1 | Complaint** |
| P-2 | Answer to the Complaint** |
| P-3 | Plaintiff's Interrogatories and Defendants' Responses to Plaintiff's Interrogatories** |
| P-4 | "Pay Stubs" and "Pay Receipts"** |

Defendants' Exhibits

Defendants reserve the right to offer additional exhibits for the purpose of impeachment.

| Exhibit | Description |
|---|---|
| D-1 | Complaint** |
| D-2 | Answer to the Complaint** |
| D-3 | Defendants' Interrogatories and Plaintiff's Responses to Defendants' Interrogatories |
| D-4 | Pay Stubs and Pay Receipts |
| D-5 | Plaintiff's Interview Sheet with the Department of Labor |
| D-6 | Tax Returns |
| D-7 | Department of Labor Contact Log |

## XI.   STATEMENT OF DAMAGES

Overtime Damages

Plaintiff maintains that Defendants are liable for overtime wages in the amount of $108,536.25

The damages are calculated by determining the pay Plaintiff would have received each week if he was paid at the appropriate overtime wage for all hours worked above 40 per week, and subtracting the amount Plaintiff was actually paid for each week.

Liquidated Damages on Overtime Damages

Plaintiff maintains the Defendants are liable for liquidated damages in the amount of $108,536.25

The damages are calculated by multiplying the weekly unpaid wages by 100%.

Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiff maintains the Defendants are liable for spread of hours damages in the amount of $10,314.00

Spread of hours damages are calculated by multiplying the minimum wage rate by the number of dates that Plaintiff worked a spread of hours of more than ten.

Liquidated Damages on Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiff maintains the Defendants are liable for spread of hours liquidated damages in the amount of $10,314.00.

Liquidated damages on spread of hours violations are calculated as 100% of the spread of hours damages.

Violation of New York Annual Wage Notice Law

Plaintiff maintains Defendants are liable in the amount of $5,000.

The damages are calculated by multiplying the number of days the violation persisted for by $50, up to a maximum of $5,000.

Violation of New York Wage Statement Law

Plaintiff maintains Defendants are liable in the amount of $5,000. .

The damages are calculated by multiplying the number of weeks the violation occurred for by $250, up to a maximum of $5,000.

Recovery of Equipment Costs

Plaintiff maintains Defendants are liable in the amount of $795.

The damages are calculated based on the amount of money Plaintiff spent on expenditures for equipment, such as bicycles and related equipment, necessary for the performance of his job duties.

Prejudgment Interest and Attorneys' Fees.

Plaintiff maintains that Defendants are liable for prejudgment interest and attorneys' fees, in amounts to be determined after trial.

Defendants deny liability and put the Plaintiff to his burden of proof.

## XII. UNANIMOUS VERDICT

The parties do not consent to less than a unanimous verdict.

SO ORDERED:

Dated: New York, New York

_____, 2018

_____
HON. KATHERINE POLK FAILLA
United States District Judge