**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTOR HUGO ORTEGA HERNANDEZ, *individually and on behalf of others similarly situated*,

Plaintiff,

-against-

MUZZARELLA INC. (d/b/a MUZZARELLA PIZZA), JOHN RUSSO, and ANTHONY MUZZARELLA,

*Defendants.*

**17-cv-6164 (KPF)**

**PROPOSED JURY INSTRUCTIONS**

JUROR ATTENTIVENESS

Proposed Jury Instruction No. 1

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.[1]

---

[1] Adapted from Hon. Leonard B. Sand, John S. Siffert, Walter B. Loughlin, Stern A. Reiss, and Nancy Batterman, 4 Modern Federal Jury Instructions (Sand, MFJI), Instruction 71-1 (2014).

ROLE OF THE COURT

Proposed Jury Instruction No. 2

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you. [1]

---

[1]     Adapted from *id.,* Instruction 71-2 (2014 ).

ROLE OF THE JURY

<u>Proposed Jury Instruction No. 3</u>

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact or issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not a plaintiff has proven his case, or a defendant has proven its defense.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to

the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.[1]

---

[1] *Id.*, Instruction 71-3

JUROR OATH

Proposed Instruction No. 4

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.[1]

---

1 *Id.*, Instruction 71-4.

CONDUCT OF COUNSEL

Proposed Instruction No. 5

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[1]

---

1 *Id*, Instruction 71-6

RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE
<u>Proposed Instruction No. 6</u>

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.[1]

---

1 *Id.*, Instruction 71-9

SYMPATHY

<u>Proposed Instruction No. 7</u>

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.[1]

---

1 *Id.* Instruction 71-10.

CORPORATIONS

<u>Proposed Jury Instruction No. 8</u>

In this case, Defendants Muzzarellla Inc. *doing business as* Muzzarella Pizza is a corporation.  The fact that it is a corporation, and the Plaintiff is an individual, does not mean that the Defendant corporation is entitled to any lesser consideration under the law. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.[1]

---

[1]        *Id.*,  Instruction 72-1.

BURDEN OF PROOF

<u>Proposed Jury Instruction No. 9</u>

This is a civil case and as such the plaintiff has the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant. [1]

---

[1]    *Id.* Instruction 73-1.

PREPONDERANCE OF THE EVIDENCE

Proposed Jury Instruction No. 10

Plaintiff bears the burden of proving each element of his Fair Labor Standards Act and New York State Labor Law wage and hour claims by a preponderance of the evidence.  If you conclude that he has failed to establish any element by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.  The law requires that in order for a plaintiff to prove his claim on an issue, the evidence that supports his claim on that issue must appeal to you as more nearly representing what happened than that opposed to his claim. If it does not, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the issue in favor of the defendant. (NYPJI 1:62).

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.[1]

---

[1]     Adapted from *id.*, Instruction 73-2.

NATURE OF EVIDENCE

Proposed Jury Instruction No. 11

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your

recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.[1]

---

[1]     *Id.*, Instruction 74-1.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

<u>Proposed Jury Instruction No. 12</u>

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.[1]

---

[1]     *Id.*,  Instruction 74-2.

STIPULATION OF FACT

Proposed Jury Instruction No. 13

A stipulation of facts is an agreement among the parties that a certain fact is true.

You must regard such agreed facts as true.[1]

---

1 *Id.*, Instruction 74-4.

INTERROGATORIES

Proposed Jury Instruction No. 14

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.[1]

---

1 *Id.*, Instruction No. 74-13

OFFICIAL TRANSLATION

Proposed Jury Instruction No. 15

Spanish has been used during this trial.  You only are to consider that evidence provided through the official court translator and the certified translation of the written documents that are introduced as exhibits.  Although some of you may speak Spanish, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English translation.  You must ignore any different meaning of the Spanish.[1]

---

[1]  Adapted from O'Malley, FJPI, 103.35.

INFERENCES

Proposed Jury Instruction No. 16

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.[1]

---

[1]     *Id,*, Instruction No. 75-1

WITNESS CREDIBILITY

Proposed Jury Instruction No. 17

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be completely true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor— that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his

memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[1]

---

[1]     *Id.*  Instruction 76-1.

BIAS

<u>Proposed Jury Instruction No. 18</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.[1]

---

1 *Id.*, Instruction No. 76-2.

DISCREPANCIES

Proposed Jury Instruction No. 19

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.[1]

---

[1]    *Id.*,  Instruction 76-4.

IMPEACHMENT

Proposed Jury Instruction No. 20

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.[1]

---

[1]    *Id.*, Instruction No, 76-5

INTERESTED WITNESS

Proposed Jury Instruction No. 21

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony[1]

---

[1]    *Id.*, Instruction 76-3.

WAGE AND HOUR CLAIMS - INTRODUCTION

<u>Proposed Jury Instruction No. 22</u>

Plaintiff has alleged claims under the Fair Labor Standards Act and the New York Labor Law.

The Fair Labor Standards Act and the New York Labor Law require that employees are paid a minimum wage and are paid at the overtime rate for all hours worked above 40 hours per seven-day period.

The Fair Labor Standards Act and the New York Labor Law prohibit employers like defendants from employing employees like Plaintiff for a workweek longer than forty hours unless the employees receive compensation for employment in excess of 40 hours per week at a rate not less than one and one-half times the employee's regular rate of pay.

Plaintiff claims that defendants did not pay him overtime pay required by the Fair Labor Standards Act and the New York Labor Law.

Defendants claim that Plaintiff was paid overtime in accordance with applicable Federal and State Law.

On the verdict form, you will answer specific questions about Plaintiff.  I will now give you a general overview of the determinations you will be asked to make.  These will be followed with more specific instructions concerning each determination.

You will first be asked to determine if Defendants are liable to Plaintiff.  You will separately determine whether Plaintiff has proven by a preponderance of the credible evidence that Defendants violated the overtime provisions of the Fair Labor Standards Act and the New York Labor Law.

If you determine that Plaintiff has proven by a preponderance of the credible evidence that Defendants violated these provisions, you will next determine: the dates that Plaintiff was employed by each of the Defendants; the weekly hours worked by Plaintiff during these period of employment; the method of determining Plaintiff's pay (i.e, paid per hour or a fixed weekly salary); the amount of pay Plaintiff received on a weekly basis; and any exceptions to these findings.  You will make these determinations separately for each of the defendants.

You will next determine whether Plaintiff has proven by a preponderance of the credible evidence that Defendants violated New York's Spread of Hours Law.  If you determine that Plaintiff has proven by a preponderance of the credible evidence Defendants violated New York's Spread of Hours Law, you will next determine the number of days per week that the spread of hours for Plaintiff exceeded ten hours, and for what date or dates the spread of hours for Plaintiff exceeded ten hours.  If you determine that Plaintiff has not proven by a preponderance of the credible evidence that Defendants violated New York's Spread of Hours Law, you will skip to the next questions.

You will next determine whether Defendants have established by a preponderance evidence that they complied with the requirements under New York law for an employer to provide an employee with a written notice of his wages, and a wage statement together with each payment of wages.  If you determine that Defendants violated these requirements to provide a wage notice and wage statement, you will determine the number of days that violations occurred.

PURPOSE OF THE FAIR LABOR STANDARDS ACT

Proposed Jury Instruction No. 23

The purpose of the Fair Labor Standards Act is twofold: first, to protect workers from substandard wages and oppressive working hours by establishing minimum standards of living necessary for the health, efficiency and general well-being of workers, and second, to protect competition in the marketplace by eliminating any competitive advantage enjoyed by companies that produce goods under substandard working conditions.[1]

---

1 *Id.*, Instruction 85-2.

FAIR LABOR STANDARDS ACT – OVERTIME CLAIMS

Proposed Jury Instruction No. 24

Under the Fair Labor Standards Act, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that Plaintiff was an employee of the defendant;

Second, that Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that the defendant failed to pay the plaintiff overtime as required by law.

The third element of the claim is that the defendant failed to pay Plaintiff the overtime payments required under the FLSA. To prove this element, Plaintiff must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendant, the defendant did not pay the overtime amount that is required by law.

Under the law, an employer is required to pay for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the FLSA is one-and-one-half times the employee's regular wage.

Under the FLSA, there is a rebuttable presumption that a flat salary is intended to cover 40 hours of work per week.  Defendants  cannot rebut the presumption by showing that there was an agreement between Plaintiff and Defendant that Plaintiff would receive pay that was below minimum wage.  For example, if the preponderance of the evidence proved that Plaintiff agreed with a Defendant to be paid $250 per week for 60 hours per week, this would not rebut the presumption that the salary was intended to cover 40

hours, since such an agreement would have paid Plaintiff below the minimum wage rate. Therefore, if you find that Plaintiff was paid a flat weekly salary by Defendants, and that Defendants have not rebutted the presumption that the salary was intended to cover 40 hours of work per week, Plaintiff's regular rate should be determined by dividing the weekly salary rate by 40 hours, and not the actual number of hours worked per week. The overtime rate Plaintiff should have received should then be determined by multiplying the regular rate by 1.5.[1]

---

1 *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

NEW YORK LABOR LAW – OVERTIME CLAIMS

<u>Proposed Jury Instruction No. 25</u>

Under the New York Labor Law, Plaintiff has the burden of proving:

First, that he was employed by Defendants; and

Second, that the defendant failed to pay the plaintiff overtime as required by law.

To prove that he was not paid the proper overtime wages, Plaintiff must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendant, the defendant did not pay the overtime amount that is required by law.

Under the law, an employer is required to pay for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the New York Labor Law is one-and-one-half times the employee's regular wage.[1] An employee's regular wage for a given week is that employee's total weekly compensation divided by the number of hours for which that compensation was intended. If you find that the plaintiff was unlawfully paid less than the minimum wage, then overtime should be calculated based on the legal minimum wage that the plaintiff was entitled to have been paid for the time period in question and not what the plaintiff was actually paid.

Plaintiff claims that he was paid flat weekly salaries, and was not paid at an hourly rate.  Defendants claim that Plaintiff was paid in accordance with New York Labor Law. Under New York law, if an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings by the lesser of 40 hours or the actual number of hours

---

[1] 12 N.Y.C.R.R. §146-1.4

worked by that employee during the work week.[2]  The overtime rate that Plaintiff should

have been paid is then calculated by multiplying the regular rate by 1.5

---

2 12 N.Y.C.R.R. §146-3.5

NEW YORK LABOR LAW – SPREAD OF HOURS

Proposed Jury Instruction No. 26

To prevail on a claim for spread of hours under the New York Labor Law, Plaintiff must prove that the interval between the beginning and end of his workday was more than ten hours, and that he was not paid an additional hour of pay at the basic minimum hourly rate — that is, $7.25 from August 15, 2011 until December 30, 2013, $8.00 per hour from December 31, 2013 until December 30, 2014, $8.75 per hour from December 31, 2014 until December 30, 2015, $9.00 per hour from December 31, 2015 until December 30, 2016, and from December 31, 2016 until December 30, 2017, the basic minimum wage rate pursuant to the New York Labor Law was $11.00 for New York City employers with 11 or more employees and $10.50 for New York City employers with less than 11 employees.

The spread of hours for any day includes working time plus time off for meal plus intervals off duty.  For example, if an employee began work at 9:00 a.m., took a one-hour lunch break from 12:00 noon to 1:00 p.m., then finished work at 8:00 p.m., the employee's spread of hours would be 11 hours.

If you find by a preponderance of the credible evidence that Plaintiff worked days when his spread of hours was grated than ten, and he was not paid an additional hour's wage at the basic minimum wage rate, you must find that Plaintiff was not paid the required spread of hours pay.  You will be asked to find the number of days, or the number of days per week, that the plaintiff was not paid spread of hours pay.

However, New York District Courts have held that if an employee is paid at a regular hourly wage that is in excess of the applicable minimum wage, the employee is not entitled to a spread-of-hours payment.

If you find by a preponderance of the credible evidence that Plaintiff worked days when his spread of hours was grated than ten, and he was not paid an additional hour's wage at the basic minimum wage rate, you must find that Plaintiff was not paid the required spread of hours pay.  By contrast, if you find by a preponderance of the credible evidence that Plaintiff was paid at a regular hourly wage that is in excess of the applicable minimum wage, you must find that Plaintiff is not entitled to a spread-of-horus payment.

DETERMINING THE HOURS PLAINTIFFS WORKED

Proposed Jury Instruction No.  27

Plaintiff must be paid for all time spent working for the Defendants.  Plaintiff alleges that Defendants failed to maintain adequate records of all the hours that he worked, and wages that he was paid.  An employee is considered to be "working" for purposes of this claim whenever he exerts himself, physically or mentally, for a task controlled or required by the employer and performs that task primarily for the benefit of that employer, even if those hours go beyond the employee's scheduled shift.

In this regard, waiting for assignment, or being "on call" waiting for something to happen, is also "work," as I just defined it, as long as that waiting is a task controlled or required by the employer and the employee is performing that task primarily for the benefit of that employer.

Plaintiff alleges that Defendants failed to maintain adequate records of all the hours that he worked, and wages that Plaintiff was paid.  Federal and New York state laws require that employers keep accurate records of the hours employees worked each workday and the total hours worked each week–including the employees' times of arrival and departure, and the wages that employees are paid, including the rate at which employees are paid.[1]  If Defendants failed to maintain such records, then Plaintiff may prove the number of hours he worked and wages he was paid each week "as a matter of just and reasonable inference," and may meet this burden by relying on his recollection, and you may determine the number of hours Plaintiff worked and wages that he was paid

---

[1] 29 U.S.C. §211(c); 29 C.F.R. §516.2(a)(7); N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6(a)(4).

based on Plaintiff's recollection and your reasonable inferences drawn therefrom. In this respect, Plaintiff's recollection must be more than mere speculation, but need not be precise, and may consist solely of an approximation of the hours that he or she worked.[2]

If Plaintiff proves the number of hours he worked and wages he was paid as a matter of just and reasonable inference, the burden of proof shifts to Defendants, and Defendants must produce evidence of the precise number of hours worked by plaintiff or other evidence to negate the reasonableness of Plaintiff's evidence as to hours worked and wages paid.[3]   If Defendants fail to meet this burden, you may find in favor of Plaintiff even if the number of hours worked and wages paid is only approximate.[4]

In addition to determining the hours Plaintiff worked, and the wages he was paid, you will also be asked to determine whether Plaintiff was paid an hourly rate of pay or a weekly or daily rate of pay.  If you determine that Plaintiff was paid at a weekly rate of pay, under the Fair Labor Standards Act there is a rebuttable presumption that the weekly salary is intended to cover 40 hours.   An employer can rebut that presumption by showing an agreement between the employer and employee that the salary covers a different number of hours.[5]   You will be asked to determine whether the Defendants have rebutted the presumption that the weekly salary was intended to cover 40 hours.

---

[2]*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946); *Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335-336 (S.D.N.Y. 2005).

[3]*Id.*; *Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 254-55 (S.D.N.Y. 2008); N.Y. Lab. L. §196-a.
[4]*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)
5 *Moon v. Kwon*, 248 F.Supp.2d 201, 207 (S.D.N.Y. 2002).

NEW YORK LABOR LAW  — UNLAWFUL EXPENSES

Proposed Jury Instruction No. 28

Plaintiff claims that Defendants unlawfully required Plaintiff to spend money to carry out his work duties, including requiring Plaintiff to spend his own money to purchase equipment required to perform his job duties.

If an employee must spend money to carry out duties assigned by his employer, those expenses must not bring the employee's wage below the required minimum wage.

If you find by a preponderance of the credible evidence that Plaintiff was required to spend his own money to carry out the job duties assigned by the defendants, you must find the defendant liable, and award Plaintiff his reasonable expenses.[1]

---

[1] 29 U.S.C.§206(a); 29 C.F.R. §531.35; 12 N.Y.C.R.R. §146-2.7; *He v. Home on 8th Corp.*, 2014 U.S. Dist. LEXIS 114605, *29-*30, 2014 WL 3974670 (S.D.N.Y. August 13, 2014); *Lin v. Hayashi Ya II, Inc.*, 2009 U.S. Dist. LEXIS 12963, *16, 2009 WL 289653, at *5 (S.D.N.Y. Jan. 30, 2009) report and recommendation adopted, 2009 U.S. Dist. LEXIS 15513, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009)

NEW YORK LABOR LAW  — VIOLATION OF WAGE NOTICE PROVISION

Proposed Jury Instruction No. 29

Plaintiff alleges that Defendants violated a provision of the New York Labor Law that requires employers to provide to employees a written notice of their wages.

The New York Labor Law require employers to provide employees at the time of hiring, and before February 1 in each subsequent calendar year,  a written notice containing the following information: the rate or rates of pay and basis thereof,  whether paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business   as" names   used   by the employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing  address  if different;  the telephone number of the employer.  The notice must be provided in English and in the language identified by the employee as his primary language.

The employer  has  the  burden  of  proving  compliance  with  the  notification requirements.

If you do not find by a preponderance of the evidence that a defendant provided this notice to Plaintiff, you should state the number of days that the defendant failed to provide this notice to the plaintiff.[2]

---

[2] N.Y. Labor Law §195 (1); *see also* 12 N.Y.C.R.R. §146-2.2

NEW YORK LABOR LAW — VIOLATION OF WAGE STATEMENT PROVISION

<u>Proposed Jury Instruction No. 30</u>

Plaintiff alleges that Defendants violated a provision of the New York labor law that requires employers to provide employees with a wage statement, or pay stub, together with each payment of wages.

The wage statement must list the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

If you find by a preponderance of the evidence that defendants did not provide this wage statement to Plaintiff, you should state the number of weeks that the defendant failed to provide this notice to Plaintiff.[1]

---

1 N.Y. Labor Law §195 (3); *see also* 12 N.Y.C.R.R. §146-2.3

INDIVIDUAL LIABILITY

<u>Proposed Jury Instruction No. 31</u>

Plaintiff has brought this action against one corporation and one individual — John Russo.  Plaintiff contends that the individuals are liable as employers of Plaintiff.

If you have found any of the corporations liable for any of the violations discussed above as to any plaintiff, you must also determine whether any individuals are liable for the violations. If you have determined that no violations occurred, you need not determine whether the individual defendants were employers of plaintiffs.

Under the FLSA and NYLL, the determination of whether an employer-employee relationship exists is based on an "economic reality" test, taking into account the totality of the circumstances.  The economic reality test applies to determining whether managers or owners are employers under the FLSA and NYLL.

Court have identified four factors for determining the economic reality of an employment relationship: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

These factors do not provide a strict rule for the identification of an employer, but rather are a nonexclusive set of factors that have been identified by courts to determine the economic reality.  You should also consider additional factors to assess whether the individuals are employers under the law.  One of these additional factors is whether the individual possessed "operational control," meaning whether the individual possessed control over the company's actual operations in a manner relating to the plaintiff's employment.  A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment.

The determination of whether an individual is an employer is independent from the question of whether the individual was an owner of the entity.  It is not necessary for an individual to be an owner of the business or share in its profits in order to be an employer under the FLSA and NYLL.  Nor is ownership of the business sufficient to qualify an individual as an employer.  Ownership is only relevant to the inquiry inasmuch as it may be evidence of the individual's operational control over employees, or the economic realities of the relationship between the individual and the employees.

Additionally, an individual need not have been personally complicity in the violations in order to be found to be an employer.[21]

If you find that Defendants are liable to Plaintiff for any violation, you should determine whether each of the individual defendants was an employer of Plaintiff.

---

21 *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013); *see also Yu Y. Ho v. Sim Enters.,* Index No. 11-cv-2855 (PKC) 2014 U.S. Dist. LEXIS 66408, *25-*32 (S.D.N.Y. May 14, 2014); *Switzoor v. SCI Eng'g, P.C.*, 2013 U.S. Dist. LEXIS 129994, *17-*19, 2013 WL 4838826 (S.D.N.Y. Sept. 11, 2013)

JURY DELIBERATIONS

Proposed Jury Instruction No. 32

You will now return to decide the case. In order to prevail, Plaintiff must sustain his or her burden of proof as I have explained to you with respect to each element of the complaint. If you find that Plaintiff has succeeded, you should return a verdict in his or her favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. Similarly, if you find that the defendant has failed to sustain his or her burden with respect to any element of the defendant's affirmative defense, you must return a verdict against the defendant on that defense or claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I have prepared a verdict form for you to use in recording your decision.  On the form, there are spaces to indicate your verdict on each of the questions concerning the important issues in this case.  Except where otherwise indicated, these questions are to be answered yes or no. Your answers must reflect the conscientious judgment of each juror.  You should answer every question, except where the verdict form indicates otherwise. [1]

---

[1]     Modern Federal Jury Instructions, Instruction No. 78-3