**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR HUGO ORTEGA HERNANDEZ,
*individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

MUZZARELLA INC. (d/b/a MUZZARELLA PIZZA), and JOHN RUSSO,

*Defendants.*

17-cv-6164

SETTLEMENT AGREEMENT

    This Settlement Agreement ("Agreement") is entered into by and among Plaintiff Victor Hugo Ortega Hernandez ("Plaintiff") on the one hand, and Muzzarella Inc. (the "Defendant Corporation"), and John Russo (the "Individual Defendant," and together with the Defendant Corporation, "Defendants"), on the other hand.

    WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-6164 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Plaintiff agreed to dismiss his federal wage and hour claims, on the condition that the Court would retain jurisdiction over Plaintiff's state law claims;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 3 of this Agreement Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and

1231196.1

costs incurred by Plaintiff, the gross sum of Sixty-Two Thousand Dollars (**$62,000**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in installments as follows:

(a)  A check in the amount of Eight Thousand Two Hundred and Sixty Six Dollars and Sixty Six Cents ($8,266.66) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within sixty days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(b)  A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within ninety days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(c)  A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within one hundred and twenty days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(d)  A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within one hundred and fifty days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(e)  A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within one hundred and eighty days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(f)  A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within two hundred and ten (210) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(g)  A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys

for Plaintiff," for immediate deposit, within two hundred and forty (240) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(h) A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within two hundred and seventy (270) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(i) A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within three hundred (300) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(j) A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within three hundred and thirty (330) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(k) A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within three hundred and sixty (360) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(l) A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within three hundred and ninety (390) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(m) A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within four-hundred and twenty (420) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(n) A check in the amount of Four Thousand One Hundred and Thirty-Three Dollars and Thirty-Three Cents ($4,133.33) made payable to "Michael Faillace and Associates, P.C., as Attorneys for Plaintiff," for immediate deposit, within four-hundred and fifty (450) days after court approval of the settlement agreement, delivered to Plaintiff's counsel within five (5) days of the full execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Within five (5) days of the full execution of the Agreement, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. 60 East 42nd Street, New York, NY 10165. Failure to deliver said payments shall constitute a default under the Agreement.

2. Concurrently with the execution of this Agreement, Defendants Muzzarella Inc. and John Russo shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the forms annexed hereto as **Exhibit A-B** respectively. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above and (ii) Defendants fail to cure such default within five (5) business days of receipt of written notice (to be delivered to Defendants' counsel by email Joshua@levinepstein.com) and first class mail, via Defendants' counsel Joshua Levin-Epstein, Levin-Epstein & Associates, P.C., 1 Penn Plaza, Suite 2527, New York, NY 10119. Any such notice of default shall be deemed received five (5) business days after it is mailed.

Plaintiff's counsel warrants that the Confessions of Judgment of Defendants, will be null and void, annulled and discarded if and when the Defendants have made payments on all payments and installments as set forth in paragraph 1(a) through 1(g). This will have no effect on Defendants' obligations under this agreement nor constitute a waiver of Plaintiff's rights to enforce this agreement as against any Defendant.

3. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. The claims released by Plaintiff include any and all claims against Defendants concerning Plaintiff's employment with or arising from his employment with Defendants pursuant to the FLSA and the New York Labor Law, including claims for unpaid overtime, unpaid minimum wage, unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3). Plaintiff understands that he is releasing any and all claims asserted against Defendants pursuant to the

FLSA and New York Labor Law as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

Plaintiff agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiff in Paragraph 3 herein, he is waiving his right to recover money or other relief in such action.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiff shall file with the Court in this litigation along with the executed Settlement Agreement for approval, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7. <u>Acknowledgment:</u> Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and e-mail transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:  
Michael Faillace, Esq.  
Michael Faillace & Associates, P.C.  
60 East 42nd St. Suite 2540  
New York, NY 10165  
Tel: (212) 317-1200  
michael@faillacelaw.com  

To Defendants:  
Joshua D. Levin-Epstein, Esq  
Levin-Epstein & Associates, P.C.  
1 Penn Plaza, Suite 2527  
New York, NY 10119  
Tel: 212-792-0046  
joshua@levinepstein.com  
Jason@levinepstein.com

9.   **Governing Law:**  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10.   **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.   **Release Notification:** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12.   **Counterparts:** To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

Date: 1/30/19          By: _____
                             Victor Hugo Ortega Hernandez


**Defendants:**

Muzzarella Inc. (d/b/a Muzzarella Pizza)

By: _____

Print Name: _____          Date: _____


Date: _____          By: _____
                                             John Russo

9.  Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

10. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

12. Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

Date: _____    By: _____
                              Victor Hugo Ortega Hernandez

**Defendants:**

Muzzarella Inc. (d/b/a Muzzarella Pizza)
By: _John Russo_ /s/ John Russo
Print Name: _John Russo_    Date: _1/29/19_

Date: _1/29/19_    By: _/s/ John Russo_
                      John Russo

Application GRANTED.  The Court is in receipt of the parties' settlement agreement.  The Court has reviewed the proposal in light of *Cheeks* v. *Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez* v. *Nights of Cabiria*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and based on the Court's extensive participation in the settlement negotiations in this case, finds that the settlement is fair.  The Court notes that the attorneys' fees, provided for in Section 1(a)(iii) of the settlement agreement, were calculated using the percentage method and represent approximately one third of the total settlement amount. The Court finds those fees to be reasonable.

The Court will endorse the parties' stipulation of dismissal upon receipt.

SO ORDERED

Dated:     January 31, 2019
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE